**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KULDEEP SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1083-J** |
| | ) | |
| **MARKWAYNE MULLIN et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Kuldeep Singh, a noncitizen[1] and Indian national proceeding *pro se*, filed an Amended Petition for Writ of Habeas Corpus challenging his detention by U.S. Immigration and Customs Enforcement (ICE) under 28 U.S.C. § 2241. (ECF No. 7). United States District Judge Bernard M. Jones II referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondents filed a Response. (ECF No. 10). For the reasons set forth below, the undersigned recommends the Petition be **DENIED**.

## I. PROCEDURAL BACKGROUND

Petitioner entered the United States on or about May 1, 2024. (ECF No. 7:6). On May 29, 2024, Petitioner was placed into removal proceedings before the Immigration Court through a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without being admitted or

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

paroled. (ECF No. 10-1:7). That same day, Petitioner was released on his own recognizance. (ECF No. 10-1:11). On December 8, 2025, a warrant was issued for Petitioner's arrest and he was taken into the custody of Immigrations and Customs Enforcement (ICE) officials. (ECF Nos. 10-2 & 10-3).

While in ICE custody and detained at the Cimmaron Correctional Facility in Cushing, Oklahoma, Petitioner filed a Petition for habeas relief, challenging his detention. *See* ECF No. 1, *Singh v. Johnson*, Case No. CIV-26-310-J (W.D. Okla. Feb. 19, 2026). United States Magistrate Judge Amanda Maxfield recommended granting Petitioner habeas relief in the form of a bond hearing, and United States District Judge Bernard M. Jones II adopted the recommendation and ordered a bond hearing for Mr. Singh. *See* ECF Nos. 11 & 13, *Singh v. Johnson*, Case No. CIV-26-310-J (W.D. Okla. Mar. 13 & 23, 2026).[2]

On March 26, 2026, a bond hearing was held and an Immigration Judge (IJ) denied bond, finding that Petitioner presented a flight risk. *See* ECF No. 10-4. Petitioner was returned to custody and on May 12, 2026, he filed another habeas Petition under 28 U.S.C. § 2241. *See* ECF No. 1. On May 14, 2026, Petitioner filed an Amended Petition and on June 3, 2026, an Immigration Judge ordered Petitioner removed to India. (ECF Nos.

---

[2] In the recommendation, Judge Maxfield found that Petitioner was properly classified under 8 U.S.C. § 1226(a), and Judge Jones agreed. See ECF Nos. 11 & 13, *Singh v. Johnson*, Case No. CIV-26-310-J (W.D. Okla. Mar. 13 & Mar. 23, 2026). With the new Petition, and based on the Petitioner's background and the circumstances surrounding his arrest, the undersigned recommends that the Court continue to apply § 1226(a) to govern Petitioner's current detention. See *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

7 & 10-5). On June 10, 2026, Respondents filed a Response. (ECF No. 10). Mr. Singh is currently detained at the Cimmaron Correctional Facility.[3]

In the Amended Petition, Mr. Singh argues two violations of procedural Due Process and a violation of the Immigration and Nationality Act (INA). (ECF No. 7:20-22).

As relief, Petitioner asks the Court to immediately release him from custody or order a bond hearing at which the government bears the burden of proof to establish flight risk and/or dangerousness by clear and convincing evidence. (ECF No. 7:22). Petitioner also requests declaratory relief and an award of attorney fees and costs under the Equal Access to Justice Act (EAJA).[4] (ECF No. 7:22).

## III. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he primary federal habeas corpus statute, 28 U.S.C. § 2241, confers jurisdiction upon the federal courts to hear . . . challenges to the lawfulness of immigration-related detention." *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

---

[3] *See* https:locator.ice/gov/odls/#/results (last visited September 29, 2026).

[4] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this juncture.

## IV. PETITIONER'S CLAIMS

As stated, in Counts One and Two, Petitioner alleges violations of his Fifth Amendment right to Due Process. *See supra*. In Count One, he alleges that "Respondents' failure to conduct an individualized custody determination and provide an opportunity to be heard in that process proper to or contemporaneous with Petitioner's detention violates [his] due process rights." (ECF No. 7:20-21). Petitioner also alleges his due process rights have been violated by his prolonged detention, and the remedy is a bond hearing at which the government bears the burden of proof. (ECF No. 7:21).

In Count Two, Petitioner challenges the IJ's bond hearing decision, arguing "The Immigration Judge's failure to provide a basis for his conclusion of "no bond"—a de facto order of mandatory detention—violates the Petitioner's due process rights." (ECF No. 7:21).

In Count Three, Petitioner alleges that "Respondents have violated § 1226(a) and its implementing regulations by detaining Petitioner since [his] arrest without providing [him] a fair individualized released determination that the statute of regulations mandate." (ECF No. 7:22).

The undersigned reads these arguments, collectively, to challenge the constitutionality of the ruling of the IJ in the March 26, 2026 bond hearing.

## V. JURISDICTION TO CONSIDER THE CONSTITUTIONALITY OF THE IJ'S DECISION IN PETITIONER'S PRIOR BOND HEARING

While "courts cannot override an immigration judge's bond decision simply because they might have reached a different result," "habeas relief is appropriate only if the immigration judge's exercise of discretion in denying bond was so arbitrary that it

would offend fundamental tenets of due process." *Nucamendiz v. Hyde,* No. 25-CV-13851, 2026 WL 221449, at *1 (D. Mass. Jan. 28, 2026) (citation modified); *see also De Armas Ramos v. Bondi*, No. 26-CV-00455, 2026 WL 837244, at *1 (D.N.M. Mar. 26, 2026) ("Accordingly, § 1226(e) does not strip federal courts of jurisdiction to consider 'constitutional challenge[s]' to the 'procedures adopted by the Attorney General for all detention decisions under § 1226(a).' " (quoting *Miranda v. Garland*, 34 F.4th 338, 352 (4th Cir. 2022))); *accord Sin Johal v. Bondi*, No. CIV-25-1408-J, 2026 WL 893185, at *2 (W.D. Okla. Apr. 1, 2026) (finding the court had jurisdiction and agreeing "a procedural due process violation likely occurred" at a bond hearing but was ultimately rendered harmless). As such, the Court has jurisdiction to the extent Petitioner challenges his due process at the IJ's bond hearing.

## VI. NO DUE PROCESS VIOLATION AT THE PRIOR BOND HEARING

As noted above, the Court's review of the IJ's decision is limited to whether the IJ exercised his discretion in accordance with the law when denying Petitioner bond. "To make this showing, [petitioner] can either point to the language of the immigration judge's opinion or demonstrate that the evidence itself could not—as a matter of law—have supported the immigration judge's decision to deny bond." *Diaz Ortiz v. Smith*, 384 F. Supp. 3d 140, 143 (D. Mass 2019) (citation modified). "In a fundamentally fair bond hearing, due process has three essential elements. The noncitizen '(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests.' " *De Souza v. Soto*, No.

CV 25-18734, 2026 WL 102946, at *3 (D.N.J. Jan. 14, 2026) (quoting *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022)). For habeas relief, Petitioner must show the IJ's "decision was somehow legally erroneous or unconstitutional." *Kumar*, 2026 WL 753944, at *2; *see also, e.g., id.* (denying habeas motion where petitioner failed to allege he was denied the opportunity to present evidence at a bond hearing or that the IJ improperly shifted the burden of proof); *Mendez v. Dedos*, No. 26-cv-394, 2026 WL 973077, at *2 (D.N.M. Apr. 10, 2026) (granting habeas petitioner's motion to enforce where IJ did not appropriately shift the burden to the government at the bond hearing as ordered by the district court); *Garcia v. Hyde*, No. 25-CV-585, 817 F. Supp. 3d 112, 2025 WL 3466312 (D.R.I. Dec. 3, 2025) (granting habeas because the IJ failed to apply the correct standard and ignored two key documents).

Petitioner fails to make any such showing here that the IJ's decision was legally erroneous or unconstitutional. To support his assertion that his bond hearing violated his constitutional rights, Petitioner alleges:

- His attorney submitted a "bond evidence packet" of over 100 pages to the immigration court which was received into the record, which included documentation demonstrating Petitioner's stability and community support, including proof of valid work authorization, a driver's license, and an affidavit from a longtime close family friend offering ongoing assistance, support, and housing to the Petitioner;

- his detention "does not bear a 'reasonable relation' to either preventing flight risk or preventing danger to the community;"

- the IJ failed to provide a basis for his conclusion of "no bond" as "[t]here are no circumstances in which the IJ could plausibly established that the Petitioner posed a flight risk;" and

- the IJ "failed to provide any facts or probative and reasonable basis for the . . . 'no bond' determination."

(ECF No. 13:20-22).

Petitioner acknowledges that the evidence was received into the record and the IJ's decision reflects that he considered it, as well as argument from Petitioner's attorney. Despite Petitioner's suggestion to the contrary. *See* ECF No. 10-4:1 (IJ's Order stating: "After hearing and considering the totality of evidence before the Court, the Court denies bond based on its finding that [Petitioner] presents a flights risk."). And nothing in the IJ's decision indicates the IJ failed to consider or improperly considered the evidence Petitioner presented. *See, e.g., Nucamendiz*, 2026 WL 221449, at *2 (finding the IJ's determination petitioners were a flight risk did not violate due process because "Respondents and Petitioners were each permitted to present evidence of risk of flight at their respective hearings, and the reasons given by the immigration judge were, in each case, specific to the petitioner's circumstances and plausibly related to the risk that the petitioner would abscond"); *Garcia v. Hyde,* No. 25-CV-585, 817 F. Supp. 3d 112, 2025 WL 3466312 (D.R.I. Dec. 3, 2025) (granting habeas because the IJ failed to apply the correct standard and the record showed the IJ ignored two key documents).

The undersigned acknowledges the IJ's order lacks much detail. But Petitioner fails to point to any document the IJ did not consider; nor has he otherwise established he did not receive a true individualized hearing. Ultimately, Petitioner takes issue with the IJ's weighing of evidence, which this Court does not have jurisdiction to review. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any

action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole"); *see also Makarevich v. Bondi*, No. 1:25-CV-01002-KG-JHR, 2025 WL 3653895, at *1 (D.N.M. Dec. 17, 2025) ("Any challenge to the IJ's bond determination seeks review of a discretionary judgment that § 1226(e) expressly bars."); *Cruz v. Mullin*, No. 26-CV-00312-PAB-NRN, 2026 WL 1020491, at *2 (D. Colo. Apr. 15, 2026); *Adejola v. Barr*, 439 F. Supp. 3d 120, 130 (W.D.N.Y. 2020) (finding that arguments that the IJ assessed the evidence incorrectly or improperly weighed particular aspects of the record fall beyond the court's jurisdiction). Thus, regardless of whether this Court would have given different weight to any piece of evidence, § 1226(e) bars this Court's review of the IJ's discretionary determination that Petitioner is a flight risk. Accordingly, Petitioner has failed to establish his due process rights were violated at the bond hearing.

## VII. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **DENY** the habeas Petition.

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **October 7, 2026**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VIII. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on September 30, 2026.

Shon T. Erwin

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE